**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 21-cv-00908-CMA

HUNTER ADAM MELNICK,

      Applicant,

v.

COLORADO STATE BOARD OF PAROLE,

      Respondent.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

This matter is before the Court on Applicant Herman Adam Melnick's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("amended Application") (ECF 17). The Court construes the amended Application and other papers filed by Mr. Melnick liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the following reasons, the Court denies the amended Application and dismisses this action.

**I. BACKGROUND**

Mr. Melnick is serving an indeterminate sentence of three years to life with the Colorado Department of Corrections (CDOC) pursuant to his conviction for sexual assault under Colo. Rev. Stat. (C.R.S.) §18-3-402(1)(a), a class four felony, in Douglas County District Court Case No. 05CR426. *See* Declaration of Kristen Hilkey, Chair of

the Colorado State Parole Board, ECF 41-1, ¶¶ 1, 4. After Mr. Melnick was released on parole, his parole was revoked in September 2020 and he was returned to prison.[1]

Mr. Melnick alleges in the amended Application that on March 24, 2021, a Colorado Parole Board member told him that, according to the Colorado Attorney General's Office, he was eligible for a parole hearing, but not for parole. (ECF 17 at 5). Mr. Melnick states that the Colorado Parole deferred his parole consideration for six months without providing a statement of reasons, as required by Colorado law. (*Id.*). Mr. Melnick contends that the Colorado Parole Board's action in deferring parole on March 24, 2021, based on incorrect information provided by the Colorado Attorney General, was arbitrary and capricious and constituted a violation of his federal due process rights. (*Id.*). Applicant requests that he be released on parole immediately. (*Id.* at 4).

On July 12, 2021, Respondent was directed to show cause, within 30 days, why the amended Application should not be granted. (ECF 18).

Respondents filed a Response to Order to Show Cause application on October 11, 2021 (ECF 36).[2] In the October 11 Response, Respondents argue that the amended Application is moot because Mr. Melnick was afforded a new parole hearing in September 2021 and may be released on parole on or after October 16, 2021. (*Id.*). Respondents submit the Declaration of Jason Guidry, a Colorado Parole Board member (ECF 36-1, at ¶ 1), who states that Mr. Melnick received a parole consideration hearing on September 16, 2021, and, following that hearing, was recommended for review by

---

[1] The Court takes judicial notice that Mr. Melnick challenged the September 2020 parole revocation in *Melnick v. Jared Polis, et al.,* Case No. 21-cv-00717-LTB-GPG (dism'd on August 3, 2021).

[2] Respondents filed a motion for extension of time to respond to the order to show cause (ECF 19), which the Court granted on August 11, 2021 (ECF 20). Mr. Melnick appealed the August 11 order to the Tenth Circuit Court of Appels (ECF 24). The appeal was dismissed for lack of jurisdiction on September 14, 2021 (ECF 31).

the full Parole Board. (*Id.* at ¶ 5). (*Id.*). Mr. Melnick filed a Reply on October 18, 2021 (ECF 37).

Mr. Melnick thereafter filed a "Motion to Supplement" (ECF 39) on October 29, 2021, arguing that the amended Application was not moot because the full panel of the Colorado Parole Board voted to defer his parole to September 2022. (*Id.* at 2; Notice of Colorado Parole Board Action - Defer).

Pursuant to the Court's order (ECF 40), Respondents filed a supplemental response to the amended Application on November 23, 2021, arguing that Mr. Melnick's claim should be dismissed as moot or on the merits. (ECF 41). Applicant was afforded an opportunity to file a reply to the supplemental response on or before January 15, 2022. (ECF 45).

## II. LEGAL STANDARDS

### A. Habeas Corpus Actions

The remedy of habeas corpus is available when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

### B. Pro Se Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations

3

omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### C. Mootness

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). At all stages of the case, the parties must have a "personal stake in the outcome' of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477 (internal quotation marks omitted). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir.1998) (citing *Spencer*, 523 U.S. at 7). If an event occurs during the pendency of an action that "makes it impossible for the court to grant 'any effectual relief whatever,' the case must be dismissed. *Church of Scientology of California v. United States*, 506 U.S. 9, 11 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). *See also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (concluding that habeas petition was moot where the petitioner no longer suffered an actual injury that could be redressed by a favorable judicial decision).

A habeas application is not moot if one of the following exceptions applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (quotations omitted).

### D. Judicial Review of Parole Board Decision

An individual's federal due process rights are triggered only if he has been deprived of a protected liberty or property interest. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  Liberty interests may arise under the federal Due Process Clause or state law. *See id.* The federal Constitution does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, a state prisoner does not have a legitimate claim of entitlement to parole under a discretionary parole system. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990). For prisoners, such as Mr. Melnick, who are serving sentences for crimes committed after July 1, 1985, the Colorado Parole Board has "'unlimited discretion'" to grant or deny parole. *Childs v. Werholtz*, No. 13-1045, 516 F. App'x 708, 709 (10th Cir. 2013) (unpublished) (quoting *Mulberry v. Neal*, 96 F. Supp.2d 1149, 1150 (D. Colo. 2000)); *Thiret***,** 792 P.2d at 805. Further, the grant of parole to Colorado prisoners who were sentenced under the Sex Offender Lifetime Supervision Act (SOLSA) is discretionary. *See Vensor v. People*, 151 P.3d 1274, 1276 (Colo. 2007); *Diaz v. Lampela,* 601 F. App'x 670, 677

(10th Cir. 2015) (unpublished) (stating that "due process is not implicated in the denial of parole under SOLSA.").

Even though a state prisoner has no entitlement to parole under a discretionary parole scheme, federal habeas relief may be warranted where the decision to deny parole constituted an abuse of the parole board's discretion such that it "resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998). Thus, the federal habeas court may review a decision to defer or deny parole to determine if it was arbitrary, capricious or an abuse of discretion. S*chuemann v. Colorado State Bd. of Adult Parole*, 624 F.2d 172, 173 (10th Cir.1980). *See also Mulberry*, 96 F.Supp.2d at 1151 (stating that a federal habeas court's review of a state parole decision is limited to "whether there is a rational basis in the record for [the Parole Board's] conclusions embodied in its statement of reasons."). "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion." *Id*. Federal courts may not reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment exercised by a parole board. *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989).

## III. ANALYSIS

### A. Mootness

In the amended Application, Mr. Melnick challenges the Colorado Parole Board's March 2021 decision to defer parole consideration to September 2021. For relief, Mr. Melnick requests that he be released on parole. (ECF 17 at 4).

To the extent Mr. Melnick requests a new parole hearing, his claim no longer presents a live case or controversy. Mr. Melnick was afforded a parole hearing and full

review by the Colorado Parole Board in September 2021. As such, any claim challenging the denial of a parole *hearing* in March 2021 is moot. *See Schwartz v. Ploughe*, No. 09-cv-000326-CMA-CBS, 2010 WL 2269555, at *3 (D. Colo. June 4, 2010) (request for hearing was mooted by new hearing and petitioner's challenge to decision to deny parole was pending in a separate action). *Accord Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002) (stating that where a prisoner asserts a constitutional defect in an individual parole hearing, the remedy is a new parole hearing) (citing *Herrera v. Harkins*, 949 F.2d 1096, 1097 (10th Cir.1991)).

With regard to Mr. Melnick's request for immediate release on parole, which is based on his claim that the Parole Board should have granted parole in March 2021, it is not clear the claim is moot. Mr. Melnick alleges that he is required to serve a minimum 10-year parole term, and, therefore, a decision that he should have been released on parole in March 2021 would have a favorable effect on the service of his period of parole. (ECF 37 at 2). *See also* § 18-1.3-1006(1)(b), C.R.S. ("The period of parole for any sex offender convicted of a class 4 felony shall be an indeterminate term of at least ten years and a maximum of the remainder of the sex offender's natural life.")

In *Sutton v. Mikesell*, 810 F. App'x 604 (10th Cir. 2020) (unpublished), the Tenth Circuit Court of Appeals determined that the petitioner's challenge to an August 2017 decision to defer parole was not mooted by an October 2018 parole hearing because the petitioner was subject to a three-year term of mandatory parole, and, therefore, had the parole board granted parole in August 2017, petitioner could "trim fourteen months off his thirty-six-month mandatory period of parole" which "would affect the duration of

his distinct [parole] period." *Id.* at 610 (quoting *Aragon v. Shanks*, 144 F.3d 690, 692 n.4 (10th Cir. 1998)).

The Court is unable to conclude from the present record that Mr. Melnick's claim challenging the Parole Board's March 24, 2021 decision to defer parole is moot. Therefore, the Court considers the merits of Mr. Melnick's claim below.

## B. Merits of Claim

On March 24, 2021, the Colorado Parole Board issued a Notice of Action deferring Mr. Melnick's application for parole until September 2021 for "risk related" and "readiness related" reasons, including concerns about Mr. Melnick's parole plan, and because Mr. Melnick was "hopefully being placed in ARMS group," for which he was approved in February 2021.[3] (ECF 37 at 6).  Mr. Melnick argues that the Colorado Parole Board's March 2021 decision to defer parole was arbitrary and capricious because the Colorado Attorney General told the Parole Board members what result to reach. (ECF 17 at 5).

Although the March 24, 2021 Notice of Colorado Parole Board Action is terse, completion of sex offender treatment for a convicted sex offender and the adequacy of an offender's parole plan are proper factors for consideration by the Parole Board. *See Edmonds v. Dauffenbach, No.* 19-CV-01028-RBJ, 2019 WL 5212849, at *4 (D. Colo. Oct. 16, 2019) (citing *Schuemann*, 624 F.2d at 174). *See also* § 17-22.5-404(4)(a) (IV), (VI), C.R.S. (2021) (requiring the Colorado Parole Board to consider a variety of factors, including the offender's participation and progress in a treatment program and the

---

[3] *See also* Declaration of Jason Guidry, ECF 36-1, ¶ 4 (stating that Colorado Parole Board records reflect that Mr. Melnick was approved for sex offender treatment through CDOC's Advanced Risk Management ("ARMS") program in February of 2021 and that Mr. Melnick was actively meeting the criteria for the ARMS program as of September 10, 2021. (*Id.*).

adequacy of the offender's parole plan in determining whether an offender should be paroled). Moreover, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Schuemann*, 624 F.2d at 174.  Even if the Colorado Attorney General's Office informed the Parole Board members' decision, that does not render the decision arbitrary and capricious or an abuse of discretion where proper factors were considered.

The Court finds that Mr. Melnick fails to demonstrate that the Colorado Parole Board's March 2021 decision to defer parole was arbitrary and capricious or constituted an abuse of discretion. As such, he is not entitled to federal habeas relief.

## IV. ORDERS

For the reasons discussed above, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF 17) filed by Herman Adam Melnick on June 23, 2021, is DENIED as moot to the extent Mr. Melnick requests a new parole hearing; Applicant's claim challenging Respondent Colorado State Board of Parole's March 2021 decision to defer parole and requesting immediate release from prison is DENIED on the merits. It is

FURTHER ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DISMISSED. It is

FURTHER ORDERED that Applicant's Motion for Summary Judgment under F.R.C.R. Rule 55 (ECF 22) is DENIED. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF 30) is DENIED as moot because Applicant paid the $5.00 filing fee. It is

FURTHER ORDERED that the Motion to Expedite Release (ECF 38) is DENIED. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Melnick has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c). It is

FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is DENIED for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Melnick files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED January 25, 2022.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge