**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello**

Civil Action No. 21-cv-00908-CMA

HUNTER ADAM MELNICK,

     Applicant,

v.

COLORADO STATE BOARD OF PAROLE,

     Respondent.

---

### ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the "Motion Under 59(e) and/or 60" (ECF No. 58), filed *pro se* by Applicant, Hunter Adam on February 11, 2022. Mr. Melnick asks the Court to reconsider the January 25, 2022 Order Denying Application for a Writ of Habeas Corpus (ECF 46). For the reasons discussed below, the Motion is denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal order was entered on January 25, 2022. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within time limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

**I. Legal Standard**

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion should not revisit issues already addressed or advance arguments that could have been raised previously. *Id*.

**II. Analysis**

Mr. Melnick filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF 17), in which he alleged that on March 24, 2021, a member of the Colorado State Board of Parole ("Colorado Parole Board") told him that, according to the Colorado Attorney General's Office, he was eligible for a parole hearing, but not for parole. (*Id.* at 5). Mr. Melnick asserted that the Colorado Parole Board's action in deferring parole on March 24, 2021, based on incorrect information provided by the Colorado Attorney General, was arbitrary and capricious and constituted a violation of his federal due process rights. (*Id.*). He further claimed that the Colorado Parole Board deferred his parole consideration for six months without providing a statement of reasons, as required by Colorado law. (*Id.* at 5). For relief, Mr. Melnick requested immediate release to parole. (*Id.* at 4).

In the January 25, 2022 Order, the Court concluded that Mr. Melnick's claim was moot to the extent he requested a new parole hearing because he received another parole hearing in September 2021. (ECF 46 at 6-7). With regard to Mr. Melnick's request for immediate release on parole, which was based on his claim that the

Colorado Parole Board should have granted parole in March 2021, the Court determined that the claim lacked merit. (*Id.* at 7-9).

Mr. Melnick now argues in his motion for reconsideration that the Court denied the amended Application without affording him the opportunity to file a reply brief. (ECF 58 at 1). He asserts that, contrary to the Court's findings in the January 25 Order, the March 2021 Notice of Parole Board Action does not state that he was denied parole for risk-related and readiness related reasons, as evidenced by the fact that those boxes "were not checked." (*Id.*). He further maintains that the Declaration of Colorado Parole Board member Jason Guidry refers only to "treatment participation" as the reason for deferring parole consideration in March 2021, and that the audio recording of the March 2021 parole interview would further substantiate his position. (*Id.* at 2). Mr. Melnick maintains that the Colorado Parole Board failed to consider the "totality of the circumstances" as required by Colorado law. (*Id.*)

The Court notes that Mr. Melnick was afforded the opportunity to file a reply to the Respondent's supplemental response in a December 15, 2021 order. (*See* ECF 45). Mr. Melnick informed the Court after this case was dismissed that he never received the court's order. (*See* ECF 49). Regardless, the Court is now considering the arguments Mr. Melnick would have raised in a timely reply in the context of his motion for reconsideration.

The record before the Court reflects that on March 24, 2021, the Colorado Parole Board issued a Notice of Action deferring Mr. Melnick's application for parole until September 2021 for "risk related" and "readiness related" reasons, including concerns about Mr. Melnick's parole plan, and because Mr. Melnick was "hopefully being placed in ARMS group," for which he was approved in February 2021. (ECF 37 at 6).

Respondent submitted the Declaration of Colorado Parole Board member Guidry, who states that "Melnick was approved for sex offender treatment through CDOC's Advanced Risk Management ("ARMS") program in February of 2021 [and] [a]s of September 10, 2021, Melnick was actively meeting the criteria for the ARMs program." (ECF 36-1, ¶ 4). Mr. Guidry's Declaration does not specifically address the reasons the Colorado Parole Board decided to defer parole in March 2021.

Even if the Colorado Parole Board deferred parole in March 2021 based solely on Mr. Melnick's progress in a sex offender treatment program, that factor was properly considered by the Parole Board. *See Edmonds v. Dauffenbach, No.* 19-CV-01028-RBJ, 2019 WL 5212849, at *4 (D. Colo. Oct. 16, 2019) (citing *Schuemann*, 624 F.2d at 174). *See also* Colo. Rev. Stat. ("C.R.S.") § 17-22.5-404(4)(a) (IV), (VI) (2021) (requiring the Colorado Parole Board to consider the offender's participation and progress in a treatment program in determining whether an offender should be paroled). Further, although the Colorado parole guidelines direct the Colorado Parole Board to "consider the totality of the circumstances," in considering an offender for parole, *see* § 17-22.5-404(a), C.R.S., "[t]he determination of how to monitor an offender's progress and what, if any, weight the Parole Board chooses to place on the evidence before it are matters solely for the Parole Board's consideration and discretion." *White v. People*, 866 P.2d 1371, 1373 (Colo. 1994).

On federal habeas review, the Court's "inquiry is only whether there is a rational basis in the record for [the parole board's] conclusions embodied in its statement of reasons." *Mulberry v. Neal*, 96 F.Supp.2d 1149, 1151 (D. Colo. 2000). "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion." *Id*.  Mr. Melnick fails to demonstrate that the Colorado

4

Parole Board's decision to defer parole in March 2021 was arbitrary and capricious or an abuse of discretion.

Upon consideration of the Motion and the entire file, the Court finds no basis to reconsider and vacate the January 25, 2022 Order denying the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Accordingly, it is

ORDERED that the "Motion Under 59(e) and/or 60" (ECF No. 58), filed *pro se* by Applicant, Hunter Adam on February 11, 2022, which the Court construes liberally as a motion for relief under Fed. R. Civ. P. 59(e), is DENIED.

DATED February 16, 2022.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge